**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **ROBIN CHUNG-FAGBOHUN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**LOANDEPOT and SELENE FINANCE LP,**<br><br>**Defendants.** | ) | **CIVIL ACTION**<br>**NO. 26-40215-MRG** |

**ORDER**
**September 4, 2026**

**GUZMAN, D.J.**

*Pro se* plaintiff Robin Chung-Fagbohun commenced this action against defendants LoanDepot and Selene Finance LP, alleging that Selene Finance LP is unlawfully attempting to foreclose on her property. [Compl., ECF No. 1]. With her complaint, plaintiff filed an application to proceed in district court without prepaying fees or costs (also referred to as a motion for leave to proceed *in forma pauperis*), [ECF No. 2] and a pleading captioned "emergency foreclosure statement" that was entered on the docket as plaintiff's emergency motion for temporary restraining order. [ECF No. 4]. In the emergency motion, plaintiff states that she is "seeking immediate legal and procedural assistance concerning a foreclosure auction scheduled for September 14, 2026 at 2:00 PM at [plaintiff's] home." ECF No. 4 at 1].

Upon review of these documents, the Court hereby orders:

1. The motion for leave to proceed *in forma pauperis* [ECF 3] is GRANTED.

2. The motion for temporary restraining order [ECF 4] is DENIED WITHOUT PREJUDICE. Plaintiff has failed to provide notice to defendants as there is no certification in writing of any effort made to provide at least informal notice and no details as to the reasons why

such notice should not be required in view of an immediate and irreparable need for injunctive relief. See Fed. R. Civ. P. 65(b); see also Eze v. Appleyard, 2013 WL 5604292, at *2 (D. Mass. Oct. 10, 2013) ("[Plaintiff] has not certified his efforts to give notice to the defendants of his motion for emergency relief or explained why such notice should not be required. His failure to meet the requirements of Fed. R. Civ. P. 65(b)(1)(B) provides sufficient ground for denial of a motion for a temporary restraining order."). Additionally, plaintiff's motion is not supported with a separate memorandum of reasons, see Local Rule 7.1(b)(1) ("A party filing a motion shall at the same time file a memorandum of reasons, including citation of supporting authorities, why the motion should be granted. Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion."), and therefore does not address the applicable legal requirements. Her failure to meet the requirements of Fed. R. Civ. P. 65(b)(1)(B) provides sufficient ground for denial of a motion for a temporary restraining order. See DuBois v. Alves, 2022 WL 4376041, at *5 (D. Mass. Aug. 22, 2022) (denying motion in part due to the failure to comply with Local Rules or Federal Rule of Civil Procedure 65).

To the extent plaintiff seeks legal and procedural assistance, the Court cannot provide legal advice. The Court recommends plaintiff inquire into Boston College Law School's Federal Pro Se Legal Assistance Program, which provides free information, advice, and limited scope legal assistance to pro se litigants in the United States District Court for the District of Massachusetts. Additional information regarding the program can be found here: https://www.mad.uscourts.gov/general/pdf/announce/Federal%20Pro%20Se%20Legal%20Assistance%20Clinic.pdf.

3. The Clerk shall issue summonses for the defendants. Plaintiff is responsible for ensuring that the summonses, complaint, and this order are served on the defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

4. "Any person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). Because plaintiff is proceeding *in forma pauperis*, she may also elect to have service completed by the United States Marshals Service ("USMS"). See Fed. R. Civ. P. 4(c)(3). If plaintiff chooses to have service completed by the USMS, she shall provide the agency with a copy of this order for its own records, together with all papers for service (the summons, a copy of the summons, the complaint, and this order) on the defendants and a completed USM-285 form for each defendant. The USMS shall complete service as directed by the plaintiff with all costs of service to be advanced by the United States. The Clerk shall provide the plaintiff with blank USM-285 forms and instructions for service by the USMS.

5. Service must be completed within 90 days of the date the summons issues. Failure to complete service in a timely fashion may result in dismissal of this action without prior notice to plaintiff. See Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.). If plaintiff elects to ask the USMS to complete service, she must provide all papers for service and a completed USM-285 form to the agency well before this deadline.

**So Ordered.**

/s/ Margaret R. Guzman
MARGARET R. GUZMAN
UNITED STATES DISTRICT JUDGE